UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW P. FRANKLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-04852** |
| **STANLEY BLACK & DECKER, INC., ET AL.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion for Leave to Amend the Complaint (R. Doc. 36)** filed by the Plaintiff, Matthew P. Franklin, on April 4, 2018. No opposition to the motion was filed. On April 12, 2018, Plaintiff's counsel filed a response memorandum/affirmation indicating that the motion was originally filed as a contested motion because he had not heard from opposing counsel with respect to consent for the amendment and that he subsequently received an email that opposing counsel has no objection to the filing of the amended complaint. R. Doc. 37. The Court, however, has not been provided with the written consent and will evaluate the motion as contested.

**I.      Background**

The instant action was filed by the Plaintiff alleging that on April 5, 2017, he was using a DeWalt grinding wheel and DeWalt angle grinder manufactured by the Defendants when the grinding wheel broke apart and "sprayed" at high speeds in the Plaintiff's work area. R. Doc. 1. Plaintiff alleges that one or more of the broken pieces gashed the fingers on his right hand and severed ligaments and tendons in his fingers. *Id.* The Plaintiff also contends that another piece struck his hip, penetrated his clothes, and caused a deep puncture wound. Plaintiff states that these injuries required emergency surgery and will require extensive physical therapy. *Id.* The Plaintiff alleges that the grinding wheel was unreasonably dangerous due to defective construction and composition, the Defendants failed to provide adequate warnings, and the grinding wheel did not conform to the express warranty made by the Defendants. *Id.*

Plaintiff seeks leave to amend his amend complaint to assert a cause of action for negligence and a cause of action asserting that the angle grinder was unreasonably dangerous in design and an alternative design existed that was capable of preventing the Plaintiff's injuries. R. Doc. 36-4. The amended complaint also specifies the model and type of both the angle grinder and grinding wheel used by the Plaintiff. *Id.*

Plaintiff argues that there is no undue delay, bad faith, dilatory motive, or futility with respect to the proposed amended complaint under a Rule 15(a) analysis. R. Doc. 36-1. The Plaintiff argues that Rule 15(a) and (d) evinces a liberal policy of amendment and that in light of the continued trial in the matter there is no reason to deny the amendment. *Id.* Further, in an additional memorandum and affirmation in support of the motion Plaintiff's counsel states that he has received written confirmation from opposing counsel that the Defendants have no objection to the amendment. R. Doc. 37. While the movant asserts written consent has been provided by the Defendants, that consent has not been provided to the Court. The Defendants have filed no opposition to the motion.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987,

2

994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n.,* 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

**III.   Analysis**

As an initial matter, the Court notes that Rule 15(a) states that a party may amend its pleadings with the opposing party's written consent and that in a memorandum Plaintiff's counsel has received written consent from opposing counsel. That written consent was not attached to the filing and the motion was filed as contested, therefore, the Court will evaluate the motion under Rule 15(a) out of an abundance of caution because the movant has not attached the consent, nor have the Defendants informed the Court of their consent.

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice

the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court does not find undue delay, bad faith, or dilatory motive with respect to the proposed amendment. The amendment will not cause any unwarranted burdens on the Court. Nor does the Court find any prejudice as there is currently no trial date set in the matter. The first factor under a Rule 15(a) analysis weighs in favor of amendment.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

A review of the record shows that this is the first time the Plaintiff has sought leave to file an amended complaint in this case. The Court, therefore, finds that the second factor weighs in favor of amendment.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,*

4

376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The proposed amended complaint asserts a cause of action for negligence and a cause of action asserting that the angle grinder was unreasonably dangerous in design and an alternative design existed that was capable of preventing the Plaintiff's injuries. The Court does not find that this amendment would fundamentally alter the nature of the case because the original and proposed causes of action are all relate to product liability. The Court therefore finds that there is no undue prejudice to the Defendant and as a result the third factor weighs in favor of amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The Court does not find that the proposed amendment is facially futile and therefore the fourth factor also weighs in favor of amendment.

Based on the Court's analysis pursuant to Rule 15(a) the Court finds that there is no substantial reason for deny the motion for leave to amend and it should be granted.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to Amend the Complaint (R. Doc. 36)** is **GRANTED.**

5

**IT IS FURTHER ORDERED** that the clerk of court shall filed the amended complaint into the record.

New Orleans, Louisiana, this 19th day of April 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**